UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOY HOLLOWAY,

    Plaintiff,

v.                                                           Case No:   6:17-cv-1290-Orl-37TBS

CITY OF WEST MELBOURNE,

    Defendant.
_____

## REPORT AND RECOMMENDATION

This Fair Labor Standards Act ("FLSA") case comes before the Court on the parties' Second Amended Joint Motion for Approval of the Parties' Settlement (Doc. 28). After due consideration, I respectfully recommend that the motion be **granted**.

### Background

Defendant City of West Melbourne employed Plaintiff Joy Holloway as a meter reader/customer service person from September 7, 2005 through March 3, 2017 (Doc. 16, ¶¶ 1-2). Her regular rate of pay was $14.90 per hour (Id., ¶ 5). Plaintiff alleges that she worked approximately 4 hours of overtime per week for which she was not paid the statutory rate of time and one-half (Id., ¶ 7). She made an oral complaint about her compensation on February 10, 2017 and on February 22, 2017, she received a disciplinary action of dismissal (Id., ¶ 12). Plaintiff complains that Defendant violated the FLSA by failing to pay her overtime and then firing her in retaliation for her complaints about not receiving overtime (Doc. 1). Defendant denies liability and has interposed 17 affirmative defenses (Doc. 9). The parties mediated this dispute on July 10, 2017, and on July 25, 2018 asked the Court to approve the settlement agreement they reached after what they describe as "lengthy debate" and "lengthy discussion." (Doc. 23 at 3-4). On July

28, 2018, I entered a report in which I recommended that the motion be denied because: (1) the settlement agreement did not contain a liquidated damages provision or an explanation why one was not warranted under the circumstances; (2) paragraph 2 of the agreement placed all potential liability for unpaid taxes (including indemnification for Defendant's failure to fulfill its tax obligations) on Plaintiff; (3) the agreement included a release and list of releasees that were overbroad (Doc. 24). Instead of invoking the agreement's severability clause, I recommended that the parties be given an opportunity to revise their agreement (Id. at 7). Neither party objected to the Report and Recommendation; they filed an amended agreement instead (Doc. 25). The amended agreement was plagued by some of the same issues as the original. Consequently, I recommended that the motion for approval be denied; the amended settlement agreement be rejected; and the parties be given further leave to amend the agreement (Doc. 27). The parties subsequently filed this, their Second Amended Joint Motion for Approval of the Parties' Settlement (Doc. 28), which I recommend the district judge approve.

## Discussion

*The Standard of Review*

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the

amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claims is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)).

"Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise

>of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

*Settlement Sum*

In her answers to the Court's interrogatories Plaintiff said she worked "[a]pproximately 4 hours [of] overtime per week," but failed to provide an exact amount of unpaid wages (Doc. 16 at 2). Under the parties settlement agreement, she will receive $5,000 for her FLSA claim (Doc. 28-1 at 2). No badges of fraud or overreaching are apparent and the parties are represented by experienced attorneys. Therefore, I see no reason to question the parties' judgment and find that the amount of wages to be paid to Plaintiff is fair and reasonable.

*Release and Released Parties*

In my most recent Report and Recommendation, I expressed concern over the breadth of the release and the inclusion of numerous, unidentified, non-parties in the

definition of "Released Parties" (Doc. 27 at 4-6). The parties have removed the release from the Second Amended Agreement, in its entirety. Thus, Defendant's attempt to overreach is no longer a bar to court approval.

*Liquidated Damages*

As stated in the Report and Recommendation filed on September 7, 2018, I presume that counsel knows more about the case than the Court does. On the issue of liquidated damages, the Court does not have enough information to substitute its judgment for the judgment of the parties. Therefore, in light of the explanation provided,[1]

---

[1] Under the statute, an employee damaged by a violation of the FLSA is entitled to unpaid overtime compensation plus an additional, equal amount, as liquidated damages. See Title 29 U.S.C. § 216(b) ("Any employer who violates the provisions of [the FLSA] shall be liable to the employee … affected in the amount of their unpaid minimum wages … in an additional equal amount as liquidated damages."). The award of liquidated damages in an amount equal to the amount of back pay is mandatory unless the employer can show that its actions were taken in good faith[1] and that it had reasonable grounds for believing its actions did not violate the statute. Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1164 (11th Cir. 2008) (citing Spires v. Ben Hill Cnty., 980 F.2d 683, 689 (11th Cir. 1993) ("If a court determines that an employer has established a good faith defense, it may, 'in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216 ....'")).

"To satisfy the subjective 'good faith' component, the employer has the burden of proving that it had an honest intention to ascertain what the [FLSA] requires and to act in accordance with it." Davila v. Menendez, 717 F.3d 1179, 1185 (11th Cir. 2013) (quoting Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991)). "'What constitutes good faith on the part of [an employer] and whether [the employer] had reasonable grounds for believing that [its] act or omission was not a violation of the [Act] are mixed questions of fact and law ... [That test has] both subjective and objective components.'" Dybach, 942 F.2d at 1566; see 29 C.F.R. § 790.22. When the employer fails to prove that it acted in both subjective and objective good faith, the award of liquidated damages is mandatory. Davila, 717 F.3d at 1186.

An employee "may not negotiate away liquidated damages or back wages in the interest of achieving a settlement." Hogan v. Allstate Beverage Co., 821 F. Supp. 2d 1274, 1281 (M.D. Ala. 2011); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1236 (M.D. Fla. 2010); Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 70 (1945) (An employee cannot waive his right to liquidated damages in an FLSA settlement agreement when there is no genuine dispute about the employee's entitlement to liquidated damages).

The parties represent that:

> The issue of liquidated damages was another highly contested issue between the parties. During the course of this litigation and the Mediation Conference, the Defendant submitted copies of Plaintiff's timesheets, payroll records, vacation and sick leave requests dating from 2014 through the date of her termination. Defendant contends that those records demonstrate that the Defendant kept proper and accurate records of all hours worked by Plaintiff for which she was paid. This included payments for overtime hours requested by Plaintiff. Defendant further contends that its actions were taken in good faith and it had reasonable grounds for

I recommend the district judge accept the parties' agreement despite the failure to include liquidated damages.

*Attorney's Fees*

Defendant has agreed to pay $10,000 in attorney's fees (Doc. 28-1 at 2). Where, as here, the attorneys' fee is agreed upon separately without regard to the amount paid to the plaintiff, "unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1227, 1228 (M.D. Fla. 2009). I find no reason to question the reasonableness of the attorney's fee here.

### Recommendation

The parties having now addressed the Court's concerns, I **RESPECTFULLY RECOMMEND** that their Second Amended Joint Motion for Approval of the Parties' Settlement (Doc. 28) be **GRANTED**.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

---

believing its actions did not violate the FLSA based on its record keeping policies and practices generally, and in particular with respect to Plaintiff, as well as its reliance upon the information completed by Plaintiff on her timesheets as being an accurate recording of her hours worked. Defendant posits that it would likely be able to establish a good faith defense to an award of liquidated damages and therefore, there is no basis for an award of the same. Hence, no compensation for liquidated damages is included in the $4,500.00 payment to Plaintiff.

(Doc. 25 at 4-5).

finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

**RECOMMENDED** in Orlando, Florida on October 15, 2018.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record

- 7 -